JUAN ENRIQUE GÉIGEL, Plaintiff and Appellee, *v.* ÁNGEL RAMOS, Defendant and Appellant.

No. 11940. Argued March 20, 1957.—Decided March 29, 1957.

*Fiddler, González & Nido, Pedro Agudo, Jr.* and *Carlos J. Faure* for appellant. *Félix Ochoteco, Jr., Juan Enrique Géigel, Guillermo Silva, Jaime A. García Blanco* and *Hernán G. Pesquera* for appellee.

PER CURIAM.

This is an action to recover the just value of the professional services rendered by Juan Enrique Géigel as attorney for Lillian Pont Martínez from December 1950 until the end of January 1952, in connection with (1) the divorce suit filed by her against appellant herein and (2) the liquidation of the conjugal partnership existing then between them. After a trial on the merits, the lower court held, in brief: that the defendant-appellant agreed with Lillian Pont Martínez and with the plaintiff counsel to pay to the latter for such services;[1] that the just and reasonable value of such services was $10,000; and that since defendant was obstinate in objecting to plaintiff's claim, it was proper to impose on him $1,000 for attorney's fees.

Here, appellant urges (1) that the plaintiff "should have claimed his fees, settled the amount, and fixed the limit, in agreement with appellant's ex-wife who in turn could have claimed . . . the fees in which she . . . had incurred," because there never existed "any contract between the appellant and Géigel, the attorney"; (2) that "assuming for the sake of argument" the existence of such a contract between the defendant and the plaintiff, the same is contrary to pub-

---

[1] Mr. Géigel's intervention as Mrs. Pont's attorney in the negotiations and other transactions to liquidate the conjugal partnership continued from the end of January 1952 to February or March 1953, that is to say, until a definite arrangement was made and the corresponding deeds were signed. But the defendant never agreed to pay either to Mrs. Pont or to Mr. Géigel for the services which the latter rendered during that period. Of course, the complaint does not include the value of such services and in rendering judgment the lower court did not consider them at all.

lic policy and to the standards of professional ethics; (3) that the lower court erred in fixing the fair and reasonable value of the services rendered in the sum of $10,000; (4) that the imposition of $1,000 for attorney's fees is a manifest abuse of discretion."

 In the first place, after analyzing the entire evidence appearing from the record, we are convinced that appellant's first and third contentions are completely devoid of merit. Both are based on a challenge of the findings of fact of the lower court. And, it is well known that in the absence of manifest error, we cannot set them aside on appeal. 32 L.P.R.A. App., R. 52; *Carrión* v. *Treasurer of Puerto Rico, ante,* pp. 350, 363, and cases cited therein; 5 Moore, *Federal Practice* 2603–47 (2d ed., 1951). Here, unquestionably, the evidence introduced at the trial amply supports the findings of fact of the lower court. Secondly, considering all the attendant circumstances herein, there is no basis to maintain that the contract of professional services entered into between the plaintiff and the defendant is contrary to public policy or violates the standards of professional ethics. *Cf. Wolkers* v. *Masson,* 27 P.R.R. 259 (1919); Drinker, *Legal Ethics* 128–30 (1953); Notes in 25 A.L.R. 354 and 42 A.L.R. 315; Drinker, *Problems of Professional Ethics in Matrimonial Litigation,* 66 Harv. L. Rev. 443 (1953). Undoubtedly, Mr. Géigel was bound to inform the Superior Court, Humacao Part (where the divorce suit was heard), that Mr. Ramos had previously agreed to pay him the just value of the services as attorney of Mrs. Pont, plaintiff in the divorce suit. But here it was not proved, or even alleged, that he failed to comply with such rule. And on the other hand, the evidence shows: *first,* that Mrs. Pont chose Mr. Géigel as her attorney voluntarily and, what is more, against the will of Mr. Ramos; *second,* that she had full knowledge—and was even a party— of the contract between Géigel and Ramos; and *third,* that

at all times Mr. Géigel's conduct was beyond reproach.[2] Finally, appellant's contention challenging the award of $1,000 as attorney's fees for plaintiff is futile. The lower court always has ample discretion to determine whether the defeated party was obstinate and also to fix the attorney's fees according to the degree of obstinacy and the value of the attorney's services. There is no showing of abuse of discretion here. On the contrary, it clearly appears from the record that the defendant-appellant was obstinate in objecting to plaintiff's claim. To that respect, it does not matter whether the amount granted by the judgment ($10,000) was less than the sum claimed in the complaint ($15,000). The defendant practically refused to comply here with his contractual obligation: in his answer to the complaint he offered to pay plaintiff for his services $1,000 only. *Reyes* v. *Aponte*, 60 P.R.R. 867 (1942); *Mercado* v. *American Railroad Co.*, 61 P.R.R. 222 (1943); *Torres* v. *Biaggi*, 72 P.R.R. 813, 820 (1951); and cases cited therein.

■ We have no doubt that at the bottom this appeal is completely frivolous. Once more we admonish litigants and their attorneys that it is improper to unnecessarily occupy the attention of this Court. *Martínez & Márquez, Inc.* v. *Whitehead & Co.*, *ante*, p. 145. Since in our opinion the appellant has acted with manifest obstinacy in taking an appeal in the present case, he is ordered to pay the sum of $500 for attorney's fees, on appeal, to be paid to the plaintiff-appellee. 32 L.P.R.A. § 1461; *Pabón* v. *Morales*, *ante*, p. 146; *Martín* v. *Torres*, *ante*, pp. 370, 371 (1956).

The judgment will be affirmed.

Mr. Chief Justice Snyder and Mr. Justice Negrón Fernández and Mr. Justice Sifre did not take part either in the consideration or decision of this case.

---

[2] During all the divorce proceedings and the liquidation of the conjugal partnership, José G. González and Carlos J. Faure, attorneys, represented Mr. Ramos.